STATE, THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, PROSECUTORS, PLAINTIFF IN ERROR, v. EDWIN C. FULLER, COLLECTOR, &c., DEFENDANT IN ERROR.

1. The words "for the purposes of their road, or otherwise," in the first section of the act "to establish just rules for the taxation of railroad companies, and to induce their acceptance," (*Rev.*, *p.* 1166,) construed to include only such property as may be necessary or convenient for the legitimate purposes of the company to accomplish the end which the legislature had in view at the time of the enactment of the charter.
2. The exemption in that act from county, township and municipal tax of a tract of land at the termini of the road, not exceeding ten acres, with the buildings and improvements—*held*, not to extend to a tract at a terminus which, though bought for use in connection with the business of the road, was not, when the assessment in question was laid, used for the accomplishment of any of the purposes contemplated by the legislature in granting the charter; it being then leased by the prosecutors to a private person, for his own private business.

---

In error to the Supreme Court.

The assessment of taxes made against the Delaware, Lacka-

State, D., L. & W. R. R. Co., pros., v. Fuller, Collector.

wanna and Western Railroad Company in the township of Montclair, and removed into the Supreme Court by *certiorari*, was affirmed by said court at the June Term, 1877. The facts of the case are fully stated in the opinion of this court.

For the plaintiffs in error, *J. G. Shipman.*

For the defendant in error, *J. L. Blake.*

The opinion of the court was delivered by

THE CHANCELLOR. The object of the writ of error in this case is to review the judgment of the Supreme Court in a matter of taxation. The prosecutors are the lessees of the Newark and Bloomfield Railroad Company. The property taxed is owned by the latter company. It is a parcel of land containing about four acres, situated at the terminus of the road. It was purchased by the lessors for use in connection with the operation of their road, to erect thereon a convenient place where persons from the country, traveling on their road and coming to its terminus with their horses and wagons, might temporarily leave their horses and vehicles until their return. A building was accordingly built thereon for that purpose by the company, but such use has been discontinued by the lessees, and they have let the premises to private individuals, for a livery stable, at a rent of $300 a year, and it is now held under that lease. The parcel is all the land which the Newark and Bloomfield Railroad Company held at the terminus. An assessment of county and township tax was made against the prosecutors in respect of it, and the question is whether they are liable to pay that tax.

By the first section of the act "to establish just rules for the taxation of railroad corporations, and to induce their acceptance and uniform adoption," (*Rev., p.* 1166,) it is provided that all taxes upon all railroad companies occupying and using railroads in this state, whether as lessees or otherwise, shall be made as follows:

*First.* Such companies shall pay upon the cost, equipment and appendages of said railroads, respectively, a state tax, after such rate of taxation as theretofore fixed by law upon such companies ; or, in default thereof, after the rate of one half of one per centum upon such cost.

*Second.* Upon all the real property by them as aforesaid occupied, used or owned for the purposes of their road, or otherwise, excepting their main stem or road-bed and track, not exceeding one hundred feet in width, such companies shall pay a county and municipal tax for the benefit of the counties, townships and cities, respectively, where the same is situate, after the rate of one per centum on a valuation thereof, and of all improvements thereon by way of repairs then or thereafter to be made, such valuation to be made as thereinafter stated ; provided, however, that at the termini of their said roads each company may hold a tract of land not exceeding ten acres, to be in one parcel, which, with the buildings and improvements thereon, shall be free from the payment of all county, township and municipal taxes.

The second clause above quoted provides for the payment of county and township or city tax, at the rate of one per centum on a valuation, in respect to the real property of railroad companies by them occupied, used or owned for the purposes of their road, or otherwise, except their main road-bed and track, not exceeding one hundred feet in width ; and the proviso further excepts a parcel not exceeding ten acres, at the termini, with the buildings and improvements thereon.

In construing the words, " for the purposes of their road, or otherwise," in that clause, reference must be had to the object and purpose of the act, and to the artificial character and limited capacity of the persons to be affected by it.    In contemplation of the legislature, the property to be occupied, used or owned by these persons for the purposes of the road, *or otherwise,* is only such as may be necessary or convenient for their legitimate purposes, to accomplish the end which the legislature had in view at the time of the enactment of the charter.    *State, New Jersey R. R. and T. Co., pros.,* v. *Hancock, Collector,* 6 *Vroom* 537, 545.    In that case it was·

State, D., L. & W. R. R. Co., pros., v. Fuller, Collector.

said by this court that the principle that it is not all the property of incorporated companies whose charters contain the exempting clause, that is protected, but such of their property only as is necessary (which term is, in that connection, to be understood as including also whatever is proper or suitable,) to their operations and the accomplishment of the purposes of their charters, has over and over again been the basis of judicial opinion, and has at least twice received the sanction of this court. The principle applies in full force to the act under consideration. "The general inclination of the courts," says Justice Cooley, "has been to hold that a charter which provides for a certain tax, and that no other tax or impost shall be levied or assessed upon the corporation, will exempt from taxation all the property held by it necessary to effect the purpose of the incorporation, but not other property held by it, which, though convenient and tending to increase the profits, is not necessary to the corporation and its business." *Cooley on Taxation* 151.

It would not be contended that the legislature intended to exempt ten acres of land at the terminus, irrespective of its connection with the operation of the railroad, if the ten acres were covered with dwelling-houses, let for rent by the company to tenants indiscriminately, because that construction would be contrary to the reason and spirit of the enactment. In the case under consideration, the land in respect of which the tax was assessed, was not, when the assessment was made, used for the accomplishment of any of the purposes contemplated by the legislature in granting the charter to the Newark and Bloomfield Railroad Company. If it had ever been so used, the use had ceased. It was then leased by the prosecutors to a private person, wholly for his own use as a livery stable, for a rent paid by him to them. Such property is not within the exemption of the proviso of the act.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, REED, CLEMENT, DODD, GREEN, LILLY, WALES. 9.

*For reversal*—None.